T.C. Summary Opinion 2007-88


UNITED STATES TAX COURT


MANUEL R. CHAVEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20682-04S.                    Filed May 31, 2007.


Manuel R. Chavez, pro se.

<u>Daniel Price</u>, for respondent.


WHERRY, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code of 1986, as in effect for the year in
issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

this opinion shall not be treated as precedent for any other case.

This case is before the Court on a petition for judicial review of a notice of deficiency. Respondent determined a $5,116 deficiency for petitioner's 2003 taxable year. The issues for decision are whether petitioner is entitled to the following: (1) Two dependency exemption deductions; (2) head of household filing status; (3) a child tax credit; and (4) the earned income credit.

## Background

Some of the facts have been stipulated by the parties. The stipulations, with accompanying exhibits, are incorporated herein by this reference. At the time the petition was filed petitioner resided in El Paso, Texas.

Petitioner lived with his mother, Juana Martinez, in 2003. Petitioner's sister, Patricia Chavez, and her two daughters, RJM and CGM,[2] also resided with petitioner's mother. Petitioner's mother was listed as the responsible party on the lease and all household bills.

During 2003, petitioner's sister received State aid, including food stamps, for herself and RJM and CGM. RJM and CGM did not receive any support from their father.

---

[2]The Court will refer to the minor children by their initials.

Petitioner worked for the Department of Defense and received wages totaling $14,010 in 2003. On his 2003 Form 1040A, U.S. Individual Income Tax Return, which was prepared by H&R Block, petitioner listed RJM and CGM, his nieces, as dependents. Petitioner filed his Federal tax return as head of household and claimed a standard deduction in the amount of $7,000.[3] Petitioner claimed three exemptions, one for himself and dependency exemptions for RJM and CGM, totaling $9,150. Petitioner also claimed an earned income credit in the amount of $4,142, and a child tax credit in the amount of $351. According to petitioner and H&R Block's calculations, petitioner was entitled to a $4,790 refund.

The notice of deficiency was sent to petitioner on August 30, 2004. In the notice of deficiency, respondent: (1) Disallowed the dependency exemptions for petitioner's nieces; (2) changed petitioner's filing status from head of household to single and adjusted the standard deduction accordingly; (3) disallowed the child tax credit; and (4) disallowed the earned income credit. As a result, respondent determined a deficiency of $5,116. Petitioner timely petitioned this Court, and a trial was held on February 6, 2006, in El Paso, Texas.

---

[3]The standard deduction for single or married filing separately for the taxable year 2003 was $4,750.

## Discussion

Deductions are a matter of legislative grace, and the taxpayer must maintain adequate records to substantiate the amounts of any deductions or credits claimed. Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. As a general rule, the Commissioner's determination of a taxpayer's liability in the notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). However, pursuant to section 7491(a)(1), the burden of proof on factual issues that affect the taxpayer's tax liability may be shifted to the Commissioner where the "taxpayer introduces credible evidence with respect to * * * such issue". The burden will shift only if the taxpayer has, inter alia, complied with substantiation requirements pursuant to the Internal Revenue Code and "cooperated with reasonable requests by the Secretary for witnesses, information, documents, meetings, and interviews". Sec. 7491(a)(2). In the instant case, petitioner did not comply with the substantiation requirements, and failed to introduce credible evidence at trial. Accordingly, the burden remains on petitioner.

I.  Dependency Exemption Deductions

Section 151 allows a taxpayer to deduct a personal exemption, as well as dependency exemptions for the taxpayer's dependents.  See sec. 151(a), (c).  Section 152(a) defines "dependent", in pertinent part, to include "A son or daughter of a brother or sister of the taxpayer".  Sec. 152(a)(6).  The claimed individuals, RJM and CGM, satisfy the definitional requirement of "dependent" within the meaning of section 152(a)(6) because they are the daughters of petitioner's sister.

To qualify as a dependent under section 152(a), the individual must have received over half of his or her support for the taxable year from the taxpayer.  For this purpose, "support" is defined as including "food, shelter, clothing, medical and dental care, education, and the like."  Sec. 1.152-1(a)(2)(i), Income Tax Regs.  Section 1.152-1(a)(2)(i), Income Tax Regs., further provides:

> For purposes of determining whether or not an individual received, for a given calendar year, over half of his support from the taxpayer, there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources, including support which the individual himself supplied.  * * *

In other words, the support test requires the taxpayer to establish the total support costs for the claimed individual and that the taxpayer provided over half of that amount.  Archer v. Commissioner, 73 T.C. 963, 967 (1980); see Cotton v.

Commissioner, T.C. Memo. 2000-333.  Thus, a taxpayer who cannot establish the total amount of support costs for the claimed individual generally may not claim that individual as a dependent.  Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); Cotton v. Commissioner, supra.

Petitioner, petitioner's sister, and petitioner's nieces all lived with petitioner's mother in 2003.  Petitioner testified that he was responsible for paying the rent and all household bills even though the lease and bills were in his mother's name.  Petitioner explained that he gave his mother cash so that she could pay the rent and bills.  However, petitioner did not present any evidence regarding the dollar amount of money he contributed to the household.

RJM and CGM received State aid, which included food stamps, during 2003.  With respect to amounts petitioner provided for RJM and CGM's support, petitioner testified that he gave his sister cash on a regular basis.  Specifically, petitioner testified that he gave his sister at least $100 per month, and that if his financial situation permitted, he contributed up to $400 or $500 a month.  Petitioner did not present any independent evidence to corroborate his testimony.

The Court finds petitioner's testimony to be credible as to the fact that he provided some support for his nieces and contributed towards household bills.  However, the record is

devoid of any reference to the dollar amount of total support that RJM and CGM received in State aid, and the dollar amount of support that petitioner provided for his nieces. Thus, petitioner has failed to provide the Court with any evidence establishing the total amount of support that his nieces received, or that he provided over half of his nieces' support during the 2003 tax year. Accordingly, the Court is constrained to conclude that petitioner is not entitled to dependency exemptions for his nieces.

## II. Head of Household Filing Status

Section 1(b) imposes a special tax rate on an individual filing his Federal tax return as head of household. Section 2(b) defines a "head of household" as an individual taxpayer who is: (1) Unmarried at the close of the taxable year; and (2) maintains as his home a household which constitutes for more than one-half of the taxable year the principal place of abode of a dependent of the taxpayer with respect to whom the taxpayer is allowed a deduction under section 151. Sec. 2(b)(1)(A)(i) and (ii). This Court has already concluded that petitioner is not entitled to dependency exemptions under section 151 for RJM and CGM. Accordingly, a fortiori, petitioner is not entitled to head of household filing status.

III. Child Tax Credits

Section 24(a) authorizes a child tax credit with respect to each "qualifying child" of the taxpayer. As relevant to these particular facts, a "qualifying child" means, among other things, an individual with respect to whom the taxpayer is allowed a deduction under section 151. Sec. 24(c)(1)(A). This Court has already concluded that petitioner is not entitled to dependency exemptions under section 151 for RJM and CGM. Accordingly, RJM and CGM do not fit within the meaning of "qualifying child" as defined by section 24(c). The Court concludes that petitioner is not entitled to a child tax credit for his nieces.

IV. Earned Income Credit

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. Section 32(a)(2) limits the credit allowed through a phaseout, and section 32(b) prescribes different percentages and amounts used to calculate the credit. The limitation amount is based on the amount of the taxpayer's earned income and whether the taxpayer has no children, one qualifying child, or two or more qualifying children.

To be eligible to claim an earned income credit with respect to a child, the taxpayer must establish that the child satisfies a relationship test, a residency test, and an age test. Sec. 32(c)(3). In order for a niece to meet the relationship

requirement under section 32(c)(3)(B), the taxpayer must show that he cared for the niece as his own child. Sec. 32(c)(3)(B)(i)(II). Petitioner has not claimed or offered any evidence to show that he cared for RJM and CGM as if they were his own daughters. Although petitioner did provide financial support for his nieces, that fact is insufficient to show that he cared for his nieces as his own children for 2003. See Mares v. Commissioner, T.C. Memo. 2001-216.

Although petitioner is not eligible to claim an earned income credit under section 32(c)(1)(A)(i) for one or more qualifying children, he may be an "eligible individual" under section 32(c)(1)(A)(ii). For 2003, a taxpayer is eligible under this subsection only if his adjusted gross income was less than $11,230. Rev. Proc. 2002-70, 2002-2 C.B. 845. Petitioner's adjusted gross income for 2003 was $14,036. Accordingly, petitioner is not eligible for an earned income credit.

The Court has considered all of petitioner's contentions, arguments, requests, and statements. To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

Decision will be entered for respondent.